FILED

2008 JUL 23 AM 8:53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Jordan,<br><br>                      Plaintiff,<br>vs.<br><br>John E. Potter,<br><br>                      Defendant. | CASE NO. 08cv47 WQH (POR)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are (1) the Motion to Dismiss (Doc. # 4) filed by Defendant John E. Potter, (2) the Ex Parte Motion for Order that Motion to Remand be Heard before Motion to Dismiss (Doc. # 5) filed by Plaintiff Charles R. Jordan, and (3) the Motion to Remand (Doc. # 6) filed by Plaintiff Charles R. Jordan.

## Background

    On November 16, 2007, Plaintiff Charles R. Jordan ("Plaintiff") filed the Complaint against Defendant John E. Potter ("Defendant") in the Superior Court for the State of California, County of San Diego (Doc. # 1). The Complaint alleges that Plaintiff was employed as a city letter carrier with the United States Postal Service ("USPS"); that Defendant unlawfully discharged Plaintiff from his position with USPS because he "suffered industrial accidents" and exercised "his Constitutional right to work;" and that Defendant later refused to reinstate Plaintiff despite receiving direction to do so. *Complaint*, ¶ 2. The Complaint alleges that Plaintiff's termination and Defendant's refusal to reinstate Plaintiff

resulted from "intentional misrepresentations" by the Postmaster in Vista, CA; that the Postmaster in Vista "knew that his representations were false;" and that the Postmaster in Vista "failed to disclose the known falsity" of the representations. *Id.*, ¶¶ 3-6. The Complaint alleges causes of action for fraud, violation of California Labor Code § 98.6, and violation of California Labor Code § 132a (Doc. # 1).

On January 8, 2008, Defendant removed the action to federal court. In the notice of removal, Defendant relied on multiple grounds for removal, including 28 U.S.C. § 1442(a), 28 U.S.C. § 1441, and several federal defenses.

On March 10, 2008, Defendant filed the Motion to Dismiss (Doc. # 4). On April 11, 2008, Plaintiff filed a Response in Opposition to the Motion to Dismiss (Doc. # 9).

On April 8, 2008, Plaintiff filed the Ex Parte Motion for Order that the Motion to Remand be Heard before the Motion to Dismiss (Doc. # 5).

On April 9, 2008, Plaintiff filed the Motion to Remand (Doc. # 6). On April 28, 2008, Defendant filed a Response in Opposition to the Motion to Remand (Doc. # 10).

### Analysis

#### I.    Plaintiff's Motion to Remand

Plaintiff moves to remand this action to state court on grounds that the Court lacks jurisdiction. Plaintiff contends that removal under 28 U.S.C. § 1442(a) requires that Defendant's actions result from a federal officer's "direct orders" or from "comprehensive and detailed regulations." *Mot. to Remand*, p. 4. Plaintiff contends that removal of his action was improper because "[t]his action is about the discharge/reinstatement process," and Defendant was not "acting under" the direct orders of a federal officer or acting pursuant to comprehensive and detailed regulations when the conduct alleged in the Complaint occurred. *Id.* at 5.

Defendant contends that Plaintiff's Motion to Remand is untimely because Plaintiff filed the Motion to Remand two months after the 30-day deadline established in 28 U.S.C. § 1447(c). *Opposition*, p. 2. Defendant also opposes the Motion to Remand on grounds that Defendant has satisfied the requirements for removal under § 1442(a). *Id.* at 4. Defendant

contends that Defendant has set forth numerous federal defenses which rise to the "colorable" standard required by § 1442(a), including sovereign immunity, failure to timely exhaust administrative remedies, and failure to timely file; that the allegedly unlawful employment actions were taken pursuant to a federal officer's directions; and that a "causal nexus" exists between Plaintiff's claims and Defendant's allegedly unlawful actions. *Id.* Defendant contends that § 1442 provides a proper basis for removal of the case. *Id.* Defendant also opposes the Motion to Remand on grounds that Defendant addressed additional valid bases for removal which Plaintiff failed to challenge, such as 28 U.S.C. § 1441. *Id.*

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also Maniar v. Federal Deposit Ins. Corp.*, 979 F.2d 782, 784-85 (the 30-day limit on remanding a case applies to procedural defects in the removal process, but not jurisdictional defects). Section 1442(a) "is a pure jurisdictional statute" which grants the district court jurisdiction over cases in which a federal officer is a defendant. *Mesa v. California*, 489 U.S. 121, 136 (1989). 28 U.S.C. section 1442(a) provides in relevant part:

> A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office.

28 U.S.C. § 1442(a).

A party seeking to remove an action to federal court under § 1442(a) must demonstrate that (a) he is a "person" within the meaning of the statute; (b) there is a causal nexus between his actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) he can assert a "colorable federal defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (quoting *Jefferson County*, 527 U.S. at 431). Section 1442(a) is broadly interpreted in favor of removal "[b]ecause it's so important to the federal government to protect federal officers." *Durham*, 445 F.3d at 1252. The scope of the "colorable federal

defense" requirement is also broadly interpreted. *Jefferson County*, 527 U.S. at 431. For purposes of § 1442(a)(1), the question presented to the court is "not whether [the defendant's] claimed defense is meritorious, but only whether a colorable claim to such a defense has been made." *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal. 1992).

In the Motion to Remand, Plaintiff seeks to remand on grounds that § 1442(a) "does not supply removal jurisdiction" because the notice of removal "has no 'arising under' proof that the statute mandates." *Mot. to Remand*, p. 2, 5. Plaintiff moves to remand on jurisdictional, not procedural grounds. The Court concludes that § 1447(c)'s 30-day limitation does not apply because Plaintiff moves to remand on jurisdictional grounds.

Defendant is a "person" within the meaning of § 1442(a) because Defendant is the Postmaster for the USPS and the Postmaster is an "officer (or any person acting under that officer) of the United States." *See Mesa*, 489 U.S. at 125 (citing 28 U.S.C. § 1442(a)(1)) ("employees of the United States Postal Service... [are] 'person[s] acting under' an 'officer of the United States or any agency thereof' within the meaning of § 1442(a)(1)"). There is a "causal nexus" between Defendant's actions and Plaintiff's claims because Plaintiff's claims stem from Defendant's alleged actions taken pursuant to Defendant's position as Postmaster for the USPS. *Complaint*, p. 11-13. Defendant has notified Plaintiff and the Court that it intends to assert "colorable" federal defenses, including sovereign immunity, failure to timely exhaust administrative remedies, and failure to timely file. The Court concludes that the Complaint was properly removed under § 1442(a). The Court denies the Motion to Remand.

## II. Defendant's Motion to Dismiss

### A. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter. FED R. CIV. P. 12(b)(1). The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action. *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000). In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction

without converting the motion to dismiss into a motion for summary judgment. *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).

B. <u>Discussion</u>

Defendant moves to dismiss on grounds that the Court lacks jurisdiction over Plaintiff's action because the United States has not waived its sovereign immunity with respect to the causes of action alleged in the Complaint. *Mot. to Dismiss*, p. 1. Defendant contends that although Congress has waived sovereign immunity for some torts committed by government employees under the Federal Torts Claims Act ("FTCA"), the FTCA "clarifies that no waiver of immunity exists" as to Plaintiff's fraud claim. *Id.* at 5. Defendant also contends that Plaintiff's fraud claim is barred because Plaintiff failed to first present his claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a). Defendant contends that Defendant has not waived its sovereign immunity with respect to Plaintiff's California Labor Code §§ 98.6 and 132a claims. *Id.* Defendant further contends that the Court does not have jurisdiction over Plaintiff's claims arising under the California Labor Code because the claims all sound in employment and arise under Title VII of the Civil Rights Act of 1964 and the Civil Services Reform Act of 1978 ("Title VII"), which provides "the exclusive juridical remedies for claims of discrimination in federal employment." *Id.* at 6-7.

Plaintiff contends that the Court has jurisdiction over this action because the USPS has waived its sovereign immunity under the Postal Reorganization Act, codified at 39 U.S.C. §§ 401 and 409. *Opposition to Mot. to Dismiss*, p. 6. Plaintiff states, however, that his fraud claim "may fall within 28 U.S.C. § 2680's exception to a waiver of sovereign immunity." *Id.* Plaintiff also contends that he timely filed a claim with the Equal Employment Opportunity Commission each time the USPS "committed an alleged wrongful act against him;" and that Plaintiff's claims are not regulated by Title VII because Plaintiff does not allege "discrimination" or any other matter regulated by Title VII. *Id.* at 6-7.

The Postal Reorganization Act generally provides that the USPS has the power "to sue and be sued in its official name." 39 U.S.C. § 401(1). Section 401(1) "enacts a broad waiver of sovereign immunity for the Postal Service." *Currier v. Potter*, 379 F.3d 716, 724 (9th Cir.

- 5 -

08-cv-00047 WQH (POR)

2004). The Postal Reorganization Act provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006) (citing 39 U.S.C. § 409(c)). The FTCA expressly bars causes of action against the government for intentional torts such as "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). The fact that a plaintiff labels his claim "fraud," rather than "misrepresentation, deceit, or interference with contract rights," is inapposite. *Pauly v. United States Dep't of Agric.*, 348 F.3d 1143, 1150 (9th Cir. 2003). Further, an FTCA action "shall not be instituted" unless the claimant first presents his claim to the "appropriate federal agency" and the claim is denied. *Meridian Int'l Logistics v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) (citing 28 U.S.C. § 2675(a)).

The exhaustion of administrative remedies rule is "well established in California jurisprudence." *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005). When required, "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." *Id.* (quoting *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) (internal quotations omitted)). Section 98.6 of the California Labor Code provides that "[n]o person shall discharge an employee or in any manner discriminate against an employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter." Cal. Lab. Code § 98.6. A claimant must exhaust their administrative remedies before filing suit in federal court for violations of § 98.6. *Campbell*, 35 Cal. 4th at 333. Section 132a of the California Labor Code provides that it is California's policy that "there should not be discrimination against workers who are injured in the course and scope of their employment." Cal. Lab. Code § 132a. "[F]or claims that are brought under § 132a, 'the Workers Compensation Appeals Board [is] the exclusive forum.'" *Greenly v. Sara Lee Corp.*, 2006 U.S. Dist. LEXIS 90868 (E.D. Cal. 2006) (quoting *Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1156 (1998)).

Plaintiff alleges a cause of action against Defendant for fraud, which is excepted from the USPS' waiver of sovereign immunity under the FTCA. Plaintiff does not allege that the United States has otherwise waived its sovereign immunity with respect to his fraud claims.

- 6 -

08-cv-00047 WQH (POR)

Plaintiff also does not allege that he presented his claim to the appropriate federal agency prior to filing this action, as required by 28 U.S.C. § 2675(a). The Court concludes that Plaintiff has failed to show that the United States has waived Defendant's sovereign immunity with respect to Plaintiff's fraud claim. The motion to dismiss Plaintiff's claim against Defendant for fraud is granted.

Plaintiff alleges that Defendant "unlawfully discharged the Plaintiff because of his industrial injuries" in violation of § 132a of the California Labor Code. *Complaint*, ¶ 14. Plaintiff alleges that Defendant "unlawfully discharged the Plaintiff because he exercised his Constitutional rights" in violation of § 98.6 of the California Labor Code. *Complaint*, ¶¶ 15-16. However, Plaintiff does not allege that he exhausted his administrative remedies prior to filing suit with respect to his §98.6 claim, and the exclusive remedy provisions of the Workers' Compensation Act preclude Plaintiff from bringing a federal court action under § 132a. The Court concludes that the Court lacks jurisdiction over Plaintiff's claims brought pursuant to §§ 98.6 and 132a of the California Labor Code. The motion to dismiss Plaintiff's claims against Defendant for violations of §§ 132a and 98.6 of the California Labor Code is granted.

## Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 4) is **GRANTED with leave to amend.** Plaintiff may amend the Complaint by filing and serving a first amended complaint within sixty (60) says of the date of this order. It is further ordered that the Ex Parte Motion (Doc. # 5) is **DENIED as moot**; and the Motion to Remand (Doc. # 6) is **DENIED.**

DATE: 7/22/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE